1 [COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RACKABLE SYSTEMS, INC., | Case No. C 05-03561 PJH |
| Plaintiff, | |
| v. | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| SUPER MICRO COMPUTER, INC., | |
| Defendant. | |

WHEREAS, in the course of this litigation disclosure may be sought of information which a party regards as containing confidential, trade secret or proprietary information, including but not limited to confidential research, development or commercial information; and

WHEREAS, the parties hereto desire to establish a mechanism governing access to and use of such confidential, trade secret, or proprietary information in this action;

WHEREAS, the parties acknowledge that Civil L.R. 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal;

IT IS HEREBY STIPULATED by and between the parties hereto, by and through their respective undersigned counsel of record herein that the following protective order shall govern the access to and use of confidential, trade secret, or proprietary information produced in this action.

IT IS HEREBY ORDERED that:

1. This Order shall apply to all information produced during discovery in this action that shall be designated by the party or person producing it as "Confidential" or "Confidential-Attorneys' Eyes Only" (collectively "Confidential Information"). This Order shall not apply to information that, before disclosure, is properly in the possession or knowledge of the party to whom such disclosure is made, or is public knowledge. The restrictions contained in this Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately acquired from a source not subject to this Order.

2. As a general guideline, an exhibit; pleading; interrogatory answer or admission (collectively "discovery response"); document, thing, or other form of information, including electronic information (collectively, "document or thing"); or deposition transcript, other transcript of testimony, or declaration or affidavit (collectively "testimony") may be designated "Confidential" when it contains confidential technical or other information that may be reviewed by the receiving party, technical experts, and other representatives, but must be protected against disclosure to third parties. An exhibit; pleading; discovery response; document or thing; or testimony may be

1  designated "Confidential-Attorneys' Eyes Only" only when it contains the following highly sensitive
2  information: financial information; cost information; pricing information; sales or marketing
3  information; customer, license, supplier and vendor information; technical , development and
4  manufacturing information about a party's products; product testing protocols and results; business
5  plans; marketing strategy; current or future product or service strategies; pending patent applications
6  or disclosures; joint development agreements, joint ventures and strategic alliances; or any other
7  information that would put the producing party at a competitive disadvantage if the information
8  became known to competitive decision-makers of the receiving party or third parties.

9       3.    If an exhibit, pleading, discovery response, or document or thing contains information
10 considered "Confidential" by a party, such exhibit, pleading, discovery response, document or thing
11 shall be marked with the following or equivalent legend:

12     CONFIDENTIAL INFORMATION
13     SUBJECT TO PROTECTIVE ORDER
14        or
15     CONFIDENTIAL
16     Such notation shall be placed on every page of each document designated.

17     If an exhibit, pleading, discovery response, or document or thing contains information
18 considered "Confidential-Attorneys' Eyes Only" by a party, such exhibit, pleading, discovery
19 response, document or thing shall be marked with the following or equivalent legend:

20     CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY
21     SUBJECT TO PROTECTIVE ORDER
22        or
23     CONFIDENTIAL – ATTORNEYS' EYES ONLY
24     Such notation shall be placed on every page of each document designated.

25      4.    All Confidential Information that has been obtained from a party during the course of
26 this proceeding shall be used only for the purpose of the above-titled litigation.  Further, such
27 information may not be disclosed to anyone except as provided in this Order.

28

5.     No change in this Stipulated Protective Order that adversely affects the protection of any document produced or given by a non-party in this case shall be made without giving to that non-party appropriate notice and opportunity to be heard by the Court.

6.     Information disclosed at a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" at the time of the testimony or deposition, or within thirty (30) days following receipt of the transcript, and shall be subject to the provisions of this Order.  Information disclosed during a deposition or other testimony may also be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" by notifying the other party, in writing, within thirty (30) days after receipt of the transcript, of the specific pages of the transcript that should also be designated.  Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Confidential-Attorneys' Eyes Only" for a period of thirty (30) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to Paragraphs 8-12 to review documents or materials designated "Confidential-Attorneys' Eyes Only" on behalf of that non-designating party.

7.     A party or non-party that seeks to file under seal with the Court pursuant to this action any materials (exhibits, pleadings, discovery responses, documents or things, testimony or other submissions) designated "Confidential" or "Confidential-Attorneys' Eyes Only," or any pleading or memorandum purporting to reproduce, paraphrase, or otherwise disclose such information designated as Confidential Information, shall comply with Civil L.R. 79-5.  Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A designating party must take care to designate for protection only those parts of material that qualify so that other portions of the material for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

8.     Material designated as "Confidential" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court; for Plaintiff the

[Proposed] Stipulated Protective Order                              4                              Case No. C 05-03561 PJH

1   attorneys, paralegals, agents and support staff of Kirkland & Ellis LLP, and Rackable's in-house
2   counsel Bill Garvey (to be used only as needed to aid in this litigation); for Defendant the attorneys,
3   paralegals, agents and support staff of DLA Piper Rudnick Gray Cary US LLP; and to the persons
4   designated below subject to the provisions of Paragraphs 10 and 12:

    (a)   officers, directors, and employees of a party deemed necessary by counsel for Plaintiff and Defendant to aid in the prosecution, defense, or settlement of this action;

    (b)   independent experts or consultants (together with their clerical staff) retained by counsel for Plaintiff and Defendant to assist in the prosecution, defense, or settlement of this action to the extent approved pursuant to Paragraph 12;

    (c)   court reporter(s) employed in this action;

    (d)   agents or independent contractors supporting counsel for Plaintiff and Defendant needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential;

    (e)   witnesses in any deposition or other proceeding in this action who are the author or recipient of the Confidential material, or who, based on evidence, reasonably appear to have seen the material in the past, or current or former employees of the party who produced the document; and

    (f)   any other persons as to whom the parties in writing agree, and as may be ordered by the Court.

9.   Material designated as "Confidential-Attorneys' Eyes Only" that has been obtained during the course of this proceeding may be disclosed or made available only to the Court and to the persons designated below:

    (a)   For Plaintiff: The attorneys, paralegals, agents and support staff of Kirkland & Ellis LLP;

    (b)   For Defendant: The attorneys, paralegals, agents and support staff of DLA Piper

1   Rudnick Gray Cary US LLP;

2       (c) independent experts or consultants (together with their clerical staff) retained by such

3   counsel for Plaintiff and Defendant to assist in the prosecution, defense, or settlement of this action

4   to the extent approved pursuant to Paragraph 12;

5       (d) court reporter(s) employed in this action;

6       (e) agents of counsel for Plaintiff and Defendant needed to perform various services such

7   as, for example, copying, drafting of exhibits, and support and management services, including

8   vendors retained by the parties, or by counsel for the parties, for the purpose of encoding, loading

9   into a computer and storing and maintaining for information control and retrieval purposes,

10  transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work

11  product, all, of which may contain material designated "Confidential-Attorneys' Eyes Only;"

12      (f) witnesses in any deposition or other proceeding in this action who are the author or

13  recipient of the "Confidential-Attorney Eyes Only" material, or who, based on evidence, reasonably

14  appear from the face of the materials to have seen the material in the past, or current employees of

15  the party who produced the document; and;

16      (g) any other persons as to whom the parties in writing agree, and as may be ordered by

17  the Court.

19      (h) It is, however, understood that outside litigation counsel (Kirkland & Ellis LLP and

20  DLA Piper Rudnick Gray Cary US LLP) may give advice and opinions to his or her client based on

21  his or her evaluation of "Confidential" or "Confidential-Attorney Eyes Only" information received in

22  discovery, provided that such rendering of advice and opinions shall not reveal the content of such

23  information, except by prior written agreement with counsel for the party who produced the

24  information.

26      10. Any independent experts or consultants (together with their clerical staff) identified

27  under Paragraphs 8(b) and 9(c), or officer, director, or designated employee of a party identified

[Proposed] Stipulated Protective Order      6      Case No. C 05-03561 PJH

1   under Paragraph 8(a), having access to Confidential Information shall be given a copy of this Order
2   before being shown such Confidential Information and its provisions shall be explained to them by
3   an attorney.  Each such person, before having access to the Confidential Information, shall agree not
4   to disclose to anyone any Confidential Information not exempted by this Order and not to make use
5   of any such Confidential Information other than solely for purpose of this litigation, and shall
6   acknowledge in writing by signing a document in the form of Exhibit A attached hereto, notice of
7   execution to be served on the producing party, that he or she is fully conversant with the terms of
8   this Order and agrees to comply with it and be bound by it.  Counsel for Plaintiff and Defendant
9   listed above, and the paralegals, agents and support staff thereof, having access to "Confidential" or
10  "Confidential-Attorneys' Eyes Only" information shall be given a copy of this Order before being
11  shown such information and its provisions shall be explained to them by an attorney, but they shall
12  not be required to comply with the provisions in this Order regarding Exhibit A.

13      11.     For the purpose of this Protective Order an independent expert or consultant shall be
14  defined as a person who is not an employee of a party or scheduled to become an employee in the
15  near future, and who is retained or employed as a bona fide consultant or expert for purposes of this
16  litigation, either full or part-time, by or at the direction of counsel of a party.

17      12.     The procedure for having an independent expert or consultant approved for access to
18  information designated as "Confidential" or "Confidential-Attorneys' Eyes Only" shall be as follows:
19      (a)     The party seeking to have the independent expert or consultant approved shall
20  provide the producing party with:
21      (i)     The name of the person;
22      (ii)    The present employer and title of the person;
23      (iii)   An up-to-date curriculum vitae and a listing of all employers and consulting or expert
24  engagements (whether or not related to litigation and, in the case of litigation, whether or not they
25  testified) within the past five years; and
26      (iv)    A written acknowledgment in the form of Exhibit A attached hereto, signed by the
27  person for whom approval is sought, that the person has read this Stipulated Protective Order and
28

[Proposed] Stipulated Protective Order                 7                         Case No. C 05-03561 PJH

1  agrees to be bound by its terms.

2  Within seven (7) calendar days after mailing (via overnight delivery) a copy of the
3  information and the written acknowledgment described in Paragraph 12(a), the producing party may
4  object to the person proposed for approval upon a reasonable basis.  Failure to object within seven
5  (7) calendar days to the person proposed shall be deemed approval, but shall not preclude a
6  producing party from later objecting to continued access by that person where facts suggesting a
7  basis for objection are subsequently learned by the producing party or its counsel.  If objection is
8  made, the "Confidential" or "Confidential Attorneys' Eyes Only" information shall not be disclosed
9  to the designated person except under the provisions of Paragraph 12(b) or until the producing party
10 withdraws its objection.

11 (b) If the producing party so objects the producing and requesting party shall, within
12 seven (7) calendar days from the date of the mailing of notice of objection, confer and attempt to
13 resolve the dispute.  At that conference, the producing party shall inform the requesting party of its
14 reasons for objecting to the designated person.  If the parties cannot resolve the dispute, or if the
15 conference does not take place, then the producing party may move the Court for an appropriate
16 order.  The "Confidential" or "Confidential-Attorneys' Eyes Only" information may be disclosed to
17 the retained consultant or expert if the producing party fails to move the Court for an appropriate
18 order within ten (10) calendar days after the conference.  If the producing party timely files a motion
19 with the court for an appropriate order within the ten (10) day period, the "Confidential" or
20 "Confidential-Attorneys' Eyes Only" information may not be disclosed to the designated person
21 unless and until the Court denies the producing party's motion.  These time periods are not to restrict
22 either party from moving for a Court order earlier if the circumstances so require.

23 (c) Paragraph 12 of this Order shall not apply to the disclosure of "Confidential" or
24 "Confidential Attorneys' Eyes Only" information to outside counsel of record in this action for
25 Plaintiff and Defendant listed above, and the paralegals, agents and support staff/independent
26 contractors thereof.

27 13. Any Confidential Information may be used in the course of any deposition taken of

28

1   the party producing such Confidential Information or its employees without consent subject to

2   Paragraphs 8 and 9, or otherwise used in any deposition with the consent of the party producing such

3   Confidential Information, subject to the condition that when such Confidential Information is so

4   used, the party who made the designation may notify the reporter that the portion of the deposition in

5   any way pertaining to such Confidential Information or any portion of the deposition relevant thereto

6   is being taken pursuant to this Order.  Further, whenever any Confidential Information is to be

7   discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the

8   room any person not entitled to receive such Confidential Information pursuant to the terms of this

9   Order.

10          14.     A party shall not be obligated to challenge the propriety of a designation as

11  "Confidential" or "Confidential-Attorneys' Eyes Only" at the time made, and a failure to do so shall

12  not preclude a subsequent challenge.  In the event that any party to this litigation disagrees at any

13  stage of these proceedings with the designation by the designating party or non-party of any

14  information as "Confidential" or "Confidential-Attorneys' Eyes Only," the parties and any producing

15  non-party shall first try to resolve such disagreement in good faith on an informal basis, such as by

16  production of redacted copies.  If the disagreement cannot be resolved on an informal basis, the

17  objecting party may move the Court for an Order modifying the designated status of such

18  information.  In the event of any dispute as to the propriety of a redaction, the party objecting to the

19  redaction may submit the issue to the Court for review.

20          15.     Notwithstanding anything contrary herein, if a party through inadvertence or mistake

21  produces discovery of any Confidential Information without marking it with the legend

22  "Confidential" or "Confidential-Attorneys' Eyes Only," or by designating it with an incorrect level of

23  confidentiality, the producing party may give written notice to the receiving party that the exhibit,

24  pleading, discovery response, document or thing, or testimony contains Confidential Information and

25  should be treated as such in accordance with the provisions of this Protective Order.  Upon receipt of

26  such notice, and upon receipt of properly marked materials, the receiving party shall return said

27  unmarked materials and not retain copies thereof, and must treat such exhibits, pleadings, discovery

28

responses, documents or things, or transcript testimony as Confidential Information and shall cooperate in restoring the confidentiality of such Confidential Information. The inadvertent or unintentional disclosure by a party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto, or on the same or related subject matter, provided that the non-producing party is notified and properly marked documents are supplied as provided herein. The receiving party shall not be responsible for the disclosure or other distribution of belatedly designated Confidential Information as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Protective Order.

16. If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim. If a party has inadvertently produced information subject to a claim of immunity or privilege, upon request, such information shall be returned promptly and, if a document, all copies of that document shall be destroyed. The party returning such information may move the Court for an Order compelling production of such information.

17. With the exception of the inadvertent production provision above, it is not the intention of this Protective Order to address discovery objections to producing, answering, or responding on the grounds of attorney-client privilege or work product immunity. Nor does this order preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

18. The fact that Information is designated "Confidential" or "Confidential-Attorneys' Eyes Only" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of:

[Proposed] Stipulated Protective Order        10        Case No. C 05-03561 PJH

(a) whether any particular information is or is not Confidential Information;

(b) whether any particular information is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

(c) whether any particular information is or is not relevant to any issue in this case.

19. The terms of the Protective Order are applicable to Confidential Information produced by a non-party, and Confidential Information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by the Protective Order.

20. A party shall not use any Confidential or Confidential-Attorneys' Eyes Only information produced in discovery by the opposing party for the purpose of prosecuting any patent application or in connection with any other proceeding before the U.S. Patent and Trademark Office or any other national patent office. Furthermore, during the pendency of this Action and for two years after the case is terminated (either through settlement or judgment including any appeals), any individual given access to Confidential or Confidential-Attorneys' Eyes Only material of the opposing party shall not have substantive involvement in the preparation or prosecution of any patent application, protest, interference, public use proceeding, reissue, reexamination, citation of prior art under 35 U.S.C. § 301, or request for certificate of correction related to (a) any of the patents in suit, including U.S. or foreign patents or patent applications that correspond to, claim priority from, or are the basis for a claim of priority in, any of the patents in suit; or (b) the fields of server and server-related storage products. Nothing in this paragraph shall limit the ability of outside litigation counsel of either party (Kirkland & Ellis LLP and DLA Piper Rudnick Gray Cary US LLP) to give advice and opinions to their client pursuant to Paragraph 9(h) of this order or to seek relief pursuant to Paragraph 22.

21. Within thirty (30) days following the final conclusion of this litigation and any appeal thereof, all information designated as Confidential Information, except such documents or

1   information which incorporate or are incorporated into attorney work product (a single copy of
2   which may be retained in counsel's file), shall, upon request, be returned to the producing party, or
3   disposed of pursuant to the instructions of the producing party and with a certificate of destruction to
4   be provided.

5       22.    The restrictions provided for above shall not terminate upon the conclusion of this
6   lawsuit, but shall continue until further Order of this Court.  This Stipulated Protective Order is
7   without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown,
8   from any of the provisions or restrictions provided herein, and nothing in this Stipulated Protective
9   Order shall abridge the right of any person or party to seek judicial modification or amendment of
10  this Order.

11  Dated:  March 29, 2006

                                    Respectfully submitted,

                                    s/_____
                                    Eric R. Lamison (Bar No. 178262)
                                    Benjamin R. Ostapuk (Bar No. 194364)
                                    Pablo D. Arredondo (Bar No. 241142)
                                    KIRKLAND & ELLIS LLP
                                    555 California St., 24th Floor
                                    San Francisco, California  94104
                                    Telephone:     (415) 439-1400
                                    Facsimile:     (415) 439-1500

                                    Attorneys for Plaintiff
                                    RACKABLE SYSTEMS, INC.

Dated:  March 28, 2006

                                    Respectfully submitted,


                                  s/_____
                                  Richard I. Yankwich (Bar No. 089924)
                                  Alan A. Limbach (Bar No. 173059)
                                  Megan Whyman Olesek (Bar No. 191218)
                                  DLA Piper Rudnick Gray Cary US LLP
                                  2000 University Avenue
                                  East Palo Alto, California 94303-2215

Telephone:    (650) 833-2000
Facsimile:    (650) 833-2001

Attorneys for Defendant
SUPER MICRO COMPUTER, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*

_____
UNITED STATES DISTRICT JUDGE

DATED:    March 31, 2006

EXHIBIT A

ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT

I, _____, declare under penalty of perjury under the laws of the United States that:

1. My address is: _____
   _____ .

2. My present employer is: _____
   _____ .

3. My present occupation or job description is: _____
   _____ .

I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Stipulated Protective Order entered in Rackable Systems, Inc. v. Super Micro Computer, Inc., Case No. C 05-03561 PJH.  I agree that I will not disclose any information received by me pursuant to this Stipulated Protective Order, except for purposes directly related to this litigation, as explicitly allowed by said Protective Order, agree to be bound by the terms and conditions of this Order unless and until modified by further Order of the Court.  I hereby consent to the jurisdiction of the United States District Court for the Northern District of California, San Francisco Division, for purposes of enforcing this Order.

I understand that I am to retain all copies of any of the materials I receive which have been so designated as Confidential Information in a container, cabinet, drawer, room or other safe place in a manner consistent with this Protective Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Protective Order.  I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

Dated: _____, 200__

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

1  I, Benjamin R. Ostapuk, attest that concurrence in the filing of this document has been
2  obtained from counsel for defendant Super Micro Computer, Inc.  I declare under penalty of perjury
3  under the laws of the United States of America that the foregoing is true and correct.  Executed this
4  29th day of March, 2006 at San Francisco, California.

**s/Benjamin R. Ostapuk**
_____
Benjamin R. Ostapuk