UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RACKABLE SYSTEMS, INC.,

    Plaintiff,

    v.

SUPER MICRO COMPUTER, INC.,

    Defendant.

                                         /

No. C 05-03561 PJH

**ORDER ON MOTIONS**

The court heard several motions in the above case on January 17, 2007. As the court noted on the record, although the parties technically filed only three motions, there actually appeared to be *six* motions before the court, including: (1) Rackable's motion to dismiss for lack of case or controversy; (2) Supermicro's motion for summary adjudication; (3) Supermicro's motion for attorneys fees and/or sanctions (raised for the first time in its opposition to Rackable's motion to dismiss); (4) Supermicro's motion for summary adjudication and/or construction of '366 patent claim 39; (5) Rackable's motion for leave to file a motion for reconsideration of the court's *Markman* order (raised for the first time in its opposition to Supermicro's motion for summary adjudication); and (6) Supermicro's motion for leave to amend its preliminary invalidity contentions. Defendant Supermicro appeared through its counsel, Richard Yankwich, of DLA Piper US LLP, and plaintiff appeared through its counsel, Eric Lamison, of Kirkland & Ellis LLP.

Having read the papers filed in conjunction with the motions and carefully considered the arguments and the relevant legal authority, and for the reasons stated on the record, the court rules as follows with respect to the above motions.

## I. Rackable's Motion to Dismiss and Supermicro's Motion for Summary Adjudication

For the reasons stated on the record, Rackable's motion to dismiss is GRANTED IN PART and DENIED IN PART, and Supermicro's motion for summary adjudication is DENIED.  The parties are ORDERED to submit a stipulated proposed order reflecting the court's ruling on these motions **no later than Wednesday, January 31, 2007.**  That order should incorporate the parties' existing stipulation as to invalidity of the '408 patent in its entirety and the '366 patent in part.

As for the remaining '366 patent claims not covered by the existing stipulation, the court declines to exercise its discretion to stay such claims pending an appeal of the court's claim construction order.  That portion of the case will proceed in accordance with the local rules and deadlines currently in effect.

## II. Supermicro's Motion for Attorney's Fees and/or Sanctions

Supermicro suggested to the court at the hearing that it did not intend to bring a motion per se.  That was not the court's reading of the papers, and for the reasons stated on the record, to the extent Supermicro brought such a motion, it is DENIED for failure to comply with Federal Rule of Civil Procedure 11, Civil L.R. 7-8, and for lack of a sufficient showing of exceptional circumstances under 35 U.S.C. § 285.

## III. '366 Patent Claim 39

Supermicro's motion for summary adjudication requesting that the court construe this unasserted claim is DENIED.

## IV. Rackable's Motion for Leave to File a Motion for Reconsideration regarding the Court's *Markman* Proceedings and/or to Reopen the *Markman* Proceedings

The court DENIES the motion for the reasons stated on the record.

## V. Supermicro's Motion to Amend its Preliminary Invalidity Contentions

For the reasons stated on the record, the court finds that this motion presents a close call.  However, upon considering Supermicro's strategic decision not to commission

certain searches for prior art until later in the case and the resulting prejudice to Rackable given the impending deadlines in this case, the court DENIES Supermicro's motion with the exception of: 1) contentions in need of amendment in light of the court's claim construction order, including those now rendered unnecessary by the parties' stipulation, and 2) those contentions regarding the Cobalt 1 data sheets.  *See* Patent L.R. 3-7; *O2 Micro International Ltd. v. Monolithic Power Systems Inc.*, 467 F.3d 1355, 1359-1367 (Fed. Cir. 2006).

### VI. Sealing Requests

The parties are reminded that courtesy chambers copies of motion papers and/or declarations and exhibits, including those subject to a sealing request, must be **unredacted** versions.  In order to fully consider the parties' arguments and supporting documents filed in connection with any motions, the court must have the entire unredacted version of those documents before it.

As for the instant sealing requests, the court GRANTS Supermicro's request to file portions of its reply to its motion to amend the preliminary invalidity contentions and exhibits to the Yamashita declaration under seal.

However, the parties' request to seal exhibits accompanying Rackable's filings based on their inclusion of Supermicro's confidential information is DENIED for failure to comply with Civil L.R. 79-5.  Supermicro filed a declaration in response to Rackable's sealing request, asserting that Rackable was mistaken regarding the documents to be filed under seal.  However, neither party submitted either the required redacted or unredacted versions of the documents in accordance with Supermicro's response.  A revised request and proposed order for sealing must be filed no later than January 31, 2007.

Dated: January 18, 2007

**IT IS SO ORDERED.**

PHYLLIS J. HAMILTON
United States District Judge

3