[COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RACKABLE SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SUPERMICRO COMPUTER, INC., <br><br> Defendant. | CASE NO. C 05-03561 PJH (WDB) <br><br> **STIPULATION AND [PROPOSED] ORDER GRANTING SUMMARY ADJUDICATION AS TO INVALIDITY OF CERTAIN CLAIMS OF RACKABLE'S '408 AND '366 PATENTS AND REGARDING CERTAIN MOTIONS HEARD ON JANUARY 17, 2007** |

    WHEREAS, on October 27, 2006, the Court issued its Order Construing Claims, in which the Court decided, among other things, (1) that the term "front" as used in claims of Rackable Systems, Inc.'s ("Rackable") '408 patent (and not its '366 patent) is indefinite under 35 U.S.C. § 112; and (2) that the phrases "components requiring intermittent physical access" and "the I/O connectors including the one or more data transmission ports and to all components requiring intermittent access provided for the computer," appearing in certain claims of Rackable's '408 and '366 patents are indefinite under 35 U.S.C. § 112 with respect to use of the terms "intermittent access" and "intermittent physical access."

    WHEREAS, Rackable respectfully disagrees with the Court's indefiniteness rulings in the Order Construing Claims and reserves all rights to appeal said rulings and the Court's Order Construing Claims at such time when those rulings may be appealed, and the parties agree that

this stipulation is subject to and without waiver of any of Rackable's appellate rights, and the parties agree that Rackable is not waiving its rights under appropriate circumstances (*e.g.*, an appeal that impacts Court's Order Construing Claims or this stipulation, a stipulation, the Court's reconsideration of its indefiniteness rulings, or the like) to seek to vacate all or part of this stipulated summary adjudication order.

WHEREAS, on January 17, 2007, the Court heard defendant Supermicro Computers, Inc.'s ("Supermicro") Motion for Summary Adjudication Based Upon Markman Ruling ("Supermicro's Motion for Summary Adjudication") and Rackable's Motion to Dismiss the Action Based on Rackable's '366 Patent for Lack of Case or Controversy and for Conclusion of This Case Pending Appeal ("Rackable's Motion to Dismiss"), with Richard Yankwich appearing on behalf of Supermicro and Eric Lamison appearing on behalf of Rackable.

IT IS HEREBY STIPULATED by and between the parties hereto, through their respective attorneys of record, and subject to the terms in the WHEREAS provisions above, that it is summarily adjudicated that all claims of the '408 patent and claims 15, 16, 38, 46 and 47 of the '366 patent are invalid due to indefiniteness.

IT IS FURTHER STIPULATED by and between the parties hereto, through their respective attorneys of record, and subject to the terms in the WHEREAS provisions above, that this stipulation shall have no impact on the validity of the remaining claims of Rackable's '366 patent.

SO STIPULATED.

| | | |
|---|---|---|
| 1 | Dated:  January 31, 2007 | KIRKLAND & ELLIS LLP |

By  /s/ Eric Lamison
Eric R. Lamison (Bar No. 178262)
Benjamin R. Ostapuk (Bar No. 194364)
KIRKLAND & ELLIS LLP
555 California St., 24th Floor
San Francisco, California  94104
Telephone:  (415) 439-1400
Facsimile:   (415) 439-1500

Attorneys for Plaintiff
RACKABLE SYSTEMS, INC.

Dated:  January 31, 2007

DLA PIPER US LLP

By  /s/ Richard Yankwich
Richard I. Yankwich (Bar No. 089924)
Alan A. Limbach (Bar No. 173059)
DLA Piper Rudnick Gray Cary US LLP
2000 University Avenue
East Palo Alto, California 94303-2215
Telephone:  (650) 833-2000
Facsimile:   (650) 833-2001

Attorneys for Defendant
SUPERMICRO COMPUTER, INC.

Having considered the foregoing stipulation and the papers submitted and arguments presented in support of and in opposition to Supermicro's Motion for Summary Adjudication and to Rackable's Motion to Dismiss,

IT IS HEREBY ORDERED BY THE COURT THAT:

In accordance with and subject to the terms of the parties' above Stipulation, it is summarily adjudicated that all claims of the '408 patent and claims 15, 16, 38, 46 and 47 of the '366 patent are invalid due to indefiniteness.

Supermicro's Motion for Summary Adjudication, for non-infringement of the '408 patent and of certain claims of the '366 patent, is hereby DENIED.

Pursuant to this Court's January 18, 2007 Order [Docket No. 157], Rackable's Motion To Dismiss is GRANTED in part and DENIED in part as follows. In light of the Court's Order Construing Claims and its indefiniteness decisions, Super Micro's First Counterclaim for a Declaratory Judgment of non-infringement of the '408 patent is DISMISSED as moot without prejudice. Likewise, to the extent Super Micro's First Counterclaim for a Declaratory Judgment of non-infringement of the '366 patent relates to claims 15, 16, 38, 46 and 47 of the '366 patent, which have been stipulated as invalid due to indefiniteness under the above Stipulation, Super Micro's counterclaim is DISMISSED as moot without prejudice. The Court otherwise declines to dismiss Rackable's claims or Super Micro's counterclaims at this time.

The Court further notes that, although it does not dismiss Counts I and II of Rackable's Complaint, for infringement of the '408 and '366 patents, in light of the Court's indefiniteness decisions and subject to the terms of the corresponding Stipulation above, the Court will not address the merits of Rackable's infringement allegations against Super Micro on the patent claims rendered indefinite by the Court's Order Construing Claims (*i.e.*, all claims of the '408 patent and claims 15, 16, 38, 46 and 47 of the '366 patent) because those allegations are now moot. This aspect of the Court's decision shall have no impact on the remaining claims of the '366 patent that have been asserted in this action and that were not found indefinite.

SO ORDERED.

DATED: 2/5/07



_____
THE HONORABLE PHYLLIS J. HAMILTON
United States District Judge

-4-

STIP & [PROPOSED] ORDER
USDC CASE NO. C 05-03561 PJH (WDB)

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Eric R. Lamison, attest that concurrence in the filing of this document has been obtained from counsel for defendant Super Micro Computer, Inc. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 31st day of January, 2007, at San Francisco, California.

/s/ Eric R. Lamison
_____
Eric R. Lamison