1  [COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RACKABLE SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SUPERMICRO COMPUTER, INC., <br><br> Defendant. | CASE NO. C 05-03561 PJH (WDB) <br><br> STIPULATION AND [~~PROPOSED~~] ORDER VACATING PREVIOUS ORDERS RELATED TO THE INDEFINITENESS OF CERTAIN CLAIMS OF RACKABLE SYSTEMS, INC.'S '408 AND '366 PATENTS |

WHEREAS, on October 27, 2006, the Court issued its Order Construing Claims (Docket Number 110), in which the Court decided, among other things, (1) that the term "front" as used in claims of plaintiff Rackable Systems, Inc.'s ("Rackable") U.S. Patent No. 6,850,408 ("the '408 patent"), and not its U.S. Patent No. 6,496,366 ("the '366 patent"), is indefinite under 35 U.S.C. § 112; and (2) that the phrases "components requiring intermittent physical access" and "the I/O connectors including the one or more data transmission ports and to all components requiring intermittent access provided for the computer," appearing in certain claims of Rackable's '408 and '366 patents are indefinite under 35 U.S.C. § 112 with respect to use of the terms "intermittent access" and "intermittent physical access";

WHEREAS, in light of the Court's Order Construing Claims, the parties entered and the Court approved a Stipulation And Order Granting Summary Adjudication As To Invalidity Of Certain Claims Of Rackable's '408 and '366 Patents And Regarding Certain Motions Heard On

-1-

1  January 17, 2007 ("Summary Adjudication As To Invalidity") which the Court entered in the
2  above matter on February 5, 2007 (Docket Number 170);
3      WHEREAS, in the Summary Adjudication As To Invalidity, Rackable expressly reserved
4  all rights to appeal and/or seek vacatur of the Court's Order Construing Claims and Stipulation
5  And Order Granting Summary Adjudication As To Invalidity Of Certain Claims Of Rackable's
6  '408 and '366 Patents And Regarding Certain Motions Heard On January 17, 2007;
7      WHEREAS, were this case to continue to final judgment, Rackable would be in a position
8  to exercise rights to seek appellate review of the Order Construing Claims and Summary
9  Adjudication As To Invalidity (Rackable previously sought certification of the orders regarding
10 indefiniteness to allow for interlocutory appeal), including seeking review of additional evidence
11 submitted after the orders issued and in connection with a request from Rackable to seek leave of
12 Court to request reconsideration of the decisions;
13     WHEREAS, the parties' now desire to resolve their disputes and dismiss the litigation in
14 accordance with the terms of a settlement agreement such that no final judgment would be
15 rendered and no appeal would therefore follow, and therefore Rackable will not have been able to
16 seek appellate review of the Order Construing Claims and Summary Adjudication As To
17 Invalidity;
18     WHEREAS, as a condition precedent to settlement and dismissal this action, the parties
19 have agreed to jointly seek this Court's vacatur of the Order Construing Claims and the Summary
20 Adjudication As To Invalidity under the factors set forth in *Ringsby Truck Lines, Inc. v. Western*
21 *Conference of Teamsters*, 686 F.2d 720 (9th Cir. 1982), providing a finding that the Orders will
22 have no preclusive effect;
23     IT IS HEREBY STIPULATED by and between the parties hereto, through their respective
24 attorneys of record, that they jointly request that the Court vacate its October 27, 2006 Order
25 Construing Claims and February 5, 2007 Summary Adjudication As To Invalidity and jointly
26 request that the Court, including a finding that neither the Order Construing Claims nor the
27 Summary Adjudication As To Invalidity shall have preclusive effect.
28     IT IS SO STIPULATED.

| | |
|---|---|
| Dated: May 1, 2007 | KIRKLAND & ELLIS LLP<br><br>By _____<br>Eric R. Lamison (Bar No. 178262)<br>Benjamin R. Ostapuk (Bar No. 194364)<br>Ryan J. Casamiquela (Bar No. 228559)<br>KIRKLAND & ELLIS LLP<br>555 California St., 24th Floor<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Attorneys for Plaintiff<br>RACKABLE SYSTEMS, INC. |
| Dated: May 1, 2007 | DLA PIPER US LLP<br><br>By _____<br>Richard I. Yankwich (Bar No. 089924)<br>Alan A. Limbach (Bar No. 173059)<br>DLA Piper Rudnick Gray Cary US LLP<br>2000 University Avenue<br>East Palo Alto, California 94303-2215<br>Telephone: (650) 833-2000<br>Facsimile: (650) 833-2001<br><br>Attorneys for Defendant<br>SUPERMICRO COMPUTER, INC. |

Having considered the factors set forth in *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720 (9th Cir. 1982)(*see also Persistence Software, Inc. v. The Object People, Inc.*, 200 F.R.D. 626 (N.D. Cal. 2001), relating to preclusive effect of vacated orders, the Court decides as follows:

(1) Upon review of the factors in the above-referenced authorities, including "'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes,'" (*see, e.g., American Games, Inc. v. Trade, Products, Inc.*, 142 F.3d 1164, 1168 (9th Cir,. 1998)(*quoting Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 668 F.2d 720, 722 (9th Cir. 1982)), the Court finds that under the circumstances present here, that the October 27, 2006 Order Construing Claims and February 5, 2007 Summary Adjudication As To Invalidity should be vacated, and that neither order should have preclusive effect.

(2) Both the orders are interlocutory in nature, subject to revision at any time before entry of judgment adjudicating all the claims and the rights and liabilities of the parties. Rackable has expressed a desire to seek appellate review of the Court's indefiniteness decisions, which due to their interlocutory nature have not been permitted to be appealed before entry of a final judgment in this action. Rackable also proposed additional proposed evidence subsequent to the Court's issuance of its orders, in connection with a motion for leave to seek reconsideration which the Court denied. The parties have arrived now at a proposed resolution of this matter providing for dismissal of this action without the Court's entry of a final judgment, and therefore Rackable's appeal regarding the orders would not follow under the proposed dismissal. Upon consideration of the record in this action, and in recognition of a party's rights to seek appellate review of orders adjudicating patent claims as indefinite, and the hardships that may follow if the Court declines to vacate its orders under the circumstances of this case, and the factors set forth in the authorities including *Ringsby* cited above, the Court finds that the parties' stipulated joint request is meritorious. Accordingly,

IT IS HEREBY ORDERED THAT

The October 27, 2006 Order Construing Claims and the February 5, 2007 Summary

1  Adjudication As To Invalidity are hereby vacated, with neither having a preclusive effect in any
2  future proceeding;
3     IT IS HEREBY FURTHER ORDERED THAT the parties are to submit to the Court a
4  proposed order dismissing the case within seven (7) days of this order.
5     IT IS SO ORDERED.

7  DATED: 5/2/07

   _____
   THE HONORABLE PHYLLIS J. HAMILTON

   [SEAL: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA]
   [Stamp: IT IS SO ORDERED / Judge Phyllis J. Hamilton]